UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUAN CANDELARIA, 89-T-5069,                                            00-CV-0912E(Sr)

                Plaintiff,

  -vs-
                                                                     MEMORANDUM
R. BAKER,
J. PERRY, Sergeant,                                                   and
LANE E. ECK,
NEW YORK STATE DEPARTMENT OF                        ORDER[1]
  CORRECTIONAL SERVICES,
C. PINKER,
NANCY O'CONNOR, RN,
ARNOT OGDEN MEDICAL CENTER,
FLOYD G. BENNETT, JR.,
KATHY CRIPPEN and
TIMOTHY DOTY,

                Defendants.

---

Plaintiff, proceeding *pro se*, commenced this action on October 24, 2000. Plaintiff filed an amended complaint on January 1, 2001. The Court[2], on April 6, 2001, dismissed several of plaintiff's claims, terminated a few defendants and granted plaintiff leave to file a second amended complaint. On April 23, 2001, plaintiff filed a second amended complaint and a third amended complaint. On August 15, 2001, the Court transferred the second amended complaint to the

---

[1] This decision may be cited in whole or in any part.

[2] This case was initially assigned to Judge William M. Skretny and then assigned to the undersigned on April 18, 2001.

Southern District of New York, dismissed some of the claims in the third amended complaint and terminated several more defendants. The various defendants answered in October and November 2001. On April 11, 2003, plaintiff moved to amend his complaint for a fourth time and, on November 5, 2003, plaintiff filed a motion for a preliminary injunction.

The undersigned referred this case on May 9, 2003 to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. §§636(b)(1)(A) and (B) for all pre-trial matters and to hear and report upon dispositive motions. Judge Schroeder, on April 20, 2004, denied plaintiff's April 11, 2003 motion to amend and gave plaintiff 60 days to move to amend his complaint and to submit a proposed amended complaint. Plaintiff, after receiving an extension, moved on August 5, 2004 to amend. Judge Schroeder issued a Decision and Order ("D&O") on April 12, 2005 denying plaintiff's August 5, 2004 motion to amend. Also on April 12, 2005, Judge Schroeder issued a Report and Recommendation ("R&R") in which he recommended that plaintiff's motion for a preliminary injunction be denied. On May 12, 2005, plaintiff filed his objections to Judge Schroeder's D&O and R&R ("Objections"). For the reasons set forth below, the D&O and R&R will be upheld in their entirety and plaintiff's motions to amend and for a preliminary injunction will be denied.

The facts and claims relevant to the determination of the Objections are found as follows and are undisputed. Plaintiff is currently an inmate of the Wende Correctional Facility ("Wende"). Plaintiff, a wheelchair bound paraplegic, has been on dialysis starting in November 6, 1997. He was incarcerated in Elmira Correctional Facility ("Elmira") and received dialysis treatment at Arnot Ogden Medical Center from December 2, 1997 to August 28, 2001, when he was transferred to Wende. Plaintiff alleges that, while at Elmira, he was denied proper medical treatment with respect to his End-Stage Renal Disease and was retaliated against for filing grievances and lawsuits. Plaintiff claims that Elmira staff retaliated against him by, *inter alia*, changing his dialysis schedule to a less favorable one, filing falsified misbehavior reports and denying him access to medical treatment and files.

This Court may reconsider a D&O issued by a magistrate judge if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A); *see also United States* v. *Mingle*, 2004 WL 1746936, at *2 (W.D.N.Y. 2004). Objections to a D&O must satisfy Rule 72.3(a)(2) of the Local Rules of Civil Procedure ("LRCvP"), which states that the Objections must

> "specify the party's objections to the Magistrate Judge's order[,] [t]he specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law ***."

The Objections, taking into consideration plaintiff's *pro se* status, satisfy LRCvP 72.3(a)(2).  The D&O found that plaintiff's proposed fourth amended complaint ("Proposed Complaint"), like his first four complaints, is long and difficult to comprehend.  Plaintiff's 96-page Proposed Complaint adds parties, includes all the previously asserted claims and asserts additional claims, most of which do not relate to those asserted.  The Proposed Complaint, for the most part, asserts claims that relate to events that occurred after plaintiff commenced this action and was transferred to Wende.  (*See* D&O at 6.)

Rule 15(a) of the Federal Rules of Civil Procedure ("FRCvP") provides that leave to amend a complaint "shall be freely given when justice so requires" and whether to grant such leave is within the court's discretion.  *Cramer* v. *Fedco Auto. Components Co., Inc.,* 2004 WL 1574691, at *1 (2004 W.D.N.Y.) (J. Elfvin).  When no prior amendment has been made, it is rare that leave should be denied; however, when leave to amend a complaint would be futile, it should be denied.  *Hollander* v. *Flash Dancers Topless Club*, 2006 WL 267148, at *3 (2d Cir. 2006) (citations and internal quotations omitted).  In this case, plaintiff has had three prior opportunities to amend his complaint, all of which, evidently, have been futile.  There is no reason to believe that a fourth opportunity to amend — amounting to a fifth opportunity to file a complaint — would be anything but futile.  The undersigned agrees with the D&O that the Proposed Complaint does

not comply with FRCvP 8(a)'s requirement that a complaint be a "short and plain statement of the claim[s]" and that the newly alleged claims do not relate to events asserted in the prior complaints. This case has been pending for over five years and further complication would be unduly burdensome to the parties and the Court. *See, e.g., De Jesus* v. *Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 72 (2d Cir. 1996) (upholding the district court's denial of plaintiff's fifth attempt to amend his complaint because he had been given "ample prior opportunity to allege a claim"); *Armstrong* v. *McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) ("Because the complaint whose allegations were being considered by the district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead.").

Finally, as the D&O found, plaintiff has commenced another action in this Court in which he asserts many of the same claims that he alleges in the Proposed Complaint. *See Candelaria* v. *Higley*, 04-CV-0277E(Sr). The Court has, on several occasions, denied plaintiff's requests to consolidate the cases and, as such, plaintiff should not be able to litigate the same issues in two cases before the same Court. The Court has given plaintiff ample opportunity to amend his complaint and the D&O's denial of a fourth opportunity was not clearly erroneous and will be affirmed.

With regards to the R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" and may adopt those parts of the R&R to which no *specific* objection is raised, so long as such are not clearly erroneous. 28 U.S.C. §636(b)(1)(c); *see also Black* v. *Walker*, 2000 WL 461106, at *1 (W.D.N.Y. 2000). Conversely, the undersigned must make a *de novo* determination with respect to those portions of the R&R to which specific objections have been made. 28 U.S.C. §636(b)(1)(c); *United States* v. *Raddatz*, 447 U.S. 667, 675-676 (1980); *Sieteski* v. *Kuhlmann*, 2000 WL 744112, at *1 (W.D.N.Y. 2000). Objections to an R&R must satisfy LRCvP 72.3(a)(3), which states that

> "[t]he written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

Again, because plaintiff is proceeding *pro se*, LRCvP 72.3(a)(3) has been loosely met and the Court will make a *de novo* determination of the issues raised in the Objections as they relate to the R&R.

Plaintiff seeks an injunction requiring defendants to transfer him back to the general population at Elmira or Wende and to replace him on the active kidney transplant waiting list. Again, as in his Proposed Complaint, plaintiff is addressing issues not included in and/or related to his Third Amended Complaint. "Interim injunctive relief is an extraordinary and drastic remedy which should not

be routinely granted". *Buffalo Forge Co.* v. *Ampco-Pittsburgh Corp.*, 638 F.2d 568, 569 (2d Cir. 1981) (citation and internal quotations omitted).  "[A] party seeking preliminary injunction must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Brewer* v. *W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-744 (2d Cir. 2000).  The purpose of issuing a preliminary injunction is to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the *** merits."  *Devose* v. *Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint."  *McKinnon* v. *Tresman*, 2004 WL 78091, at *1 (2004 D. Conn.) (citing *Devose*, at 471 (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the instant lawsuit)); *see also Omega World Travel, Inc.* v. *Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the

underlying action."). In *McKinnon*, the inmate plaintiff commenced the action claiming violations of his right to privacy of medical information and then sought a preliminary injunction concerning a possible transfer among correctional facilities. *Id*. at *1-*2. The court denied his request for preliminary injunctive relief because it was "beyond the scope of th[e] action." *Id.* at *2. Similarly here, plaintiff's Third Amended Complaint asserts violations that occurred while at Elmira and now seeks preliminary injunctive relief concerning activities that occurred subsequent to the commencement of this action — *viz.*, activities that occurred after he was transferred to Wende. Plaintiff, as a matter of law, is not entitled to a preliminary injunction and the Court agrees with the R&R's recommendation that plaintiff's motion for a preliminary injunction should be denied.

As mentioned *supra*, plaintiff has another case pending before the Court to which the issues raised in his preliminary injunction are similar. As such, plaintiff's motion will be denied without prejudice inasmuch as he can seek injunctive relief in that action.

Accordingly, it is hereby **ORDERED** that plaintiff's Objections are overruled, that Judge Schroeder's Decision and Order filed on April 12, 2005 (docket no. 85) is affirmed, that Judge Schroeder's Report and Recommendation filed on April 12, 2005 (docket no. 86) is adopted in its entirety, that plaintiff's motion for a

preliminary injunction (docket no. 43) is denied without prejudice and that plaintiff's motion to amend (docket no. 64) is denied.

DATED:   Buffalo, N.Y.

   March 8, 2006

                                             */s/ John T. Elfvin*
                                             JOHN T. ELFVIN
                                             S.U.S.D.J.